UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SPENCER SCOTT IGRAM, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-02153 |
| NCC BUSINESS SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes SPENCER SCOTT IGRAM ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of NCC BUSINESS SERVICES, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff is a 25 year-old natural person residing at 414 Hessel Boulevard, Champaign, Illinois, which lies within the Central District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant provides "customized collection services, programs, and expert counsel to companies of all sizes across America."[1]  With its principal place of business located at 9428 Baymeadows Road, Suite 200, Jacksonville, Florida, Defendant is in the business of collecting consumer debts for others throughout the country, and regularly collects upon consumers located in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In the spring of 2016, Plaintiff began receiving phone calls to his cellular phone, (949) XXX-6778 from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6778.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.ncc-business.com/about/

11. When Plaintiff answers phone calls from Defendant, he experiences a recorded message notifying him that it is attempting to collect upon him with regard to an outstanding business matter.

12. Plaintiff was never mailed proof of any debt for which Defendant was contacting him, so he demanded that it stop calling him.

13. Despite Plaintiff's efforts, Defendant has continued to call his cellular phone into 2017.

14. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone.

15. Plaintiff has received approximately three calls per week from Defendant since it began calling him in 2016.

16. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the ACA, an association of debt collectors, since 1989.[2]

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant has called Plaintiff approximately three times per week for over a year, even after he demanded that it stop contacting him. This repeated behavior of systematically calling Plaintiff's phone despite his demands that it cease is harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

---

[2] http://www.acainternational.org/search#memberdirectory

b.  **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite being told to cease contacting him, Defendant continued to relentlessly call Plaintiff via automated messages. Instead of stopping this behavior, Defendant kept calling Plaintiff using different phone numbers in a deceptive attempt to force him to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via automated calls when it no longer had consent to do so.

c.  **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff for over a year after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

d.  **Violations of FDCPA §1692g**

31. The FDCPA, pursuant to §1692g states that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector

shall…send the consumer a written notice." This notice must include various pieces of information listed in §§1692g(a)(1)-(5).

32. Defendant violated §1692g by failing to send Plaintiff notice of the debt. By neglecting to do so, Defendant did not apprise Plaintiff as to the nature of the debt, nor of the fact that he has a right to dispute the debt.

33. As pled in paragraphs 15 through 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, SPENCER SCOTT IGRAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

36. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The pre-recorded message which Plaintiff experienced upon answering Defendant's phone calls is indicative of an ATDS. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

37. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoke by Plaintiff's demands that it cease contacting him.

38. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

39. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SPENCER SCOTT IGRAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANTS

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

42. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he notified it that he did not wish to be contacted. Defendant ignored Plaintiff's request and continued to systematically place calls to his cellular phone without his consent. Following its characteristic behavior in placing multiple calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

43. Even after demanding that it cease contacting him, Defendant continued to place calls to Plaintiff's cellular phone using a wide-array of phone numbers, in a deceptive attempt to trick him into answering its calls and ultimately making a payment.

44. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendants.

45. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against

8

such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

46. As pled in paragraphs 15 through 18, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

47. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Defendant was notified that Plaintiff did not wish to be contacted, but yet, it continued to harass him with collection phone calls. Defendant called Plaintiff approximately three times per week for a year, and this onslaught of calls was an attempt by Defendant to harass Plaintiff into submission. Defendant had more than enough information to know that it should not continue calling Plaintiff, but in defiance of the law, it falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, SPENCER SCOTT IGRAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 30, 2017                     Respectfully submitted,

                                                s/ Nathan C. Volheim
                                                Nathan C. Volheim, Esq. #6302103
                                                Counsel for Plaintiff
                                                Admitted in the Central District of Illinois
                                                Sulaiman Law Group, Ltd.
                                                900 Jorie Boulevard, Suite 150
                                                Oak Brook, Illinois 60523
                                                (630) 575-8181 x113 (phone)
                                                (630) 575-8188 (fax)
                                                nvolheim@sulaimanlaw.com